## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**J. H.,**

        **Plaintiff,**

**v.**                                                    **Case No: 6:20-cv-2267-EJK**

**SCHOOL BOARD OF ORANGE
COUNTY, FLORIDA,**

        **Defendant.**

### ORDER[1]

This cause comes before the Court on Plaintiff's Motion for Entry of Default Judgment and Other Relief Against Defendant School Board of Orange County (the "Motion") (Doc. 33), filed June 17, 2021. While Defendant School Board of Orange County, Florida ("School Board") appeared in the case, it did not respond to the Complaint and was consequently defaulted. (Doc. 32.) Upon review of the Motion, the Complaint (Doc. 1), and the Administrative Record (Doc. 22) in this case, the Motion is due to be denied.

---

[1] On February 26, 2021, both parties consented to the exercise of jurisdiction by a magistrate judge. (Doc. 21.) Accordingly, the case was referred to the undersigned by an Order of Reference the same day. (Doc. 23.)

## I.   BACKGROUND[2]

Plaintiff, J.H., filed this case pursuant to the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. §§ 1400–1482, seeking reversal of a Florida Administrative Law Judge's ("ALJ's") Final Order of Dismissal ("Order"), dated September 29, 2020, which dismissed Plaintiff's due process complaint without prejudice. (*See* Docs. 1, 1-1.) Plaintiff is a student with a disability who is eligible for special education and is entitled to the services and protections of the IDEA under the eligibility categories of Intellectual Disability and Autism Spectrum Disorder. (Doc. 1 ¶¶ 3, 30.) Prior to moving to the United States in 2018, Plaintiff lived in the Philippines, where he received only one year of formal education. (*Id.* ¶ 34.) His native language is Tagalog and he cannot fluently speak, read, or write in English. (*Id.* ¶ 35.)

Plaintiff was 17 years old, in the 11th grade, and enrolled in an Orange County public school when a disagreement arose regarding a March 4, 2020, speech and language evaluation of Plaintiff conducted by Defendant.[3]  (*Id.* ¶ 31.) Thus, on August 31, 2020, Plaintiff filed a request, via his aunt, Marilyn Card, for a due process hearing ("Due Process Complaint"), wherein she raised procedural and substantive claims pursuant to the IDEA. (Doc. 1 ¶ 24.) Plaintiff's request was then forwarded to Florida's

---

[2] On default, a defendant admits the well-pleaded allegations of fact in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

[3] Under IDEA, Defendant is a Local Education Agency ("LEA") as defined by 20 U.S.C. § 1401(19)(A). (Doc. 1 ¶¶ 17, 31.) As an LEA, Defendant is required to make available to Plaintiff a Free Appropriate Public Education ("FAPE") or to have such complaints addressed in mediation when disagreements arise with the FAPE, pursuant to 20 U.S.C. § 1415(b)(5), (6). (*Id.* ¶¶ 4, 17.)

Division of Administrative Hearings on September 2, 2020, for further proceedings. (*Id.*) Plaintiff's Due Process Complaint requested, among other things, an Independent Educational Evaluation ("IEE") to dispute the speech and language evaluation conducted by Defendant on March 4, 2020. (*Id.*; R. at 93.) At the time the Due Process Complaint was filed, Plaintiff had turned 18 years old. (Doc. 1 ¶ 3.)

On September 15, 2020, Defendant filed its Motion to Dismiss for Lack of Standing and for Being Moot ("Motion to Dismiss"), attaching the Student's individualized educational program, dated May 18, 2020. (*Id.* ¶ 25.) The Motion argued that the ALJ should dismiss the Complaint because: (1) Plaintiff had already turned 18, so all rights accorded to his parents transferred to him and his aunt did not have standing to file the Due Process Complaint, and (2) an IEE had already been provided. (R. at 66–67.)

Plaintiff's aunt responded to Defendant's Motion to Dismiss on September 22, 2020. (R. at 85–89.) Attached to that response was an executed power of attorney (in English), appointing Plaintiff's mother and, in the alternative, his aunt, as agents for Plaintiff. (Doc. 1 ¶ 26; R. 90–93.)

Instead of holding a due process hearing, on September 29, 2020, the ALJ issued an Order dismissing the case. (Doc. 1 ¶ 27.) The Order found in pertinent part:

> In the instant case, the Complaint and Response to the Motion to Dismiss, indicate that the Student has reached the age of majority, but also does not have the capacity to sign legal documents. Given that lack of capacity, the Power of Attorney purportedly signed by the Student cannot be given legal weight in this proceeding. Further, the Complaint contains no allegations that the Student has had a guardian advocate appointed to make educational

> decisions as provided by section 393.12, Florida Statutes. In fact, that process is underway, but has not yet been completed. As such, the Complaint fails to allege facts sufficient to establish that the aunt has standing or authority to file a complaint and request a due process hearing on behalf of the Student.

(Doc. 1-1 at 3.) Consequently, the ALJ dismissed the action without prejudice:

> to the Student [so that he may file] a due process hearing request on the Student's own behalf if the Student has not been determined incompetent under State law and has not had a guardian advocate appointed to make educational decisions as provided by section 393.12. Further, this dismissal is without prejudice to the aunt or other appropriate person filing a due process complaint should they be appointed guardian with the authority to make educational decisions on behalf of the Student

(*Id.* at 4.)

Plaintiff's Complaint seeks reversal of the Order because the ALJ "overreached her authority in holding that Plaintiff was incapacitated and thus refusing his [power of attorney]." (Doc. 1 ¶¶ 52, 53.)

## II.   STANDARD

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). The mere entry of a default by the Clerk does not, in itself, warrant the Court's entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Rather, a defaulted defendant is only deemed to admit the plaintiff's well-pled allegations of fact. *Id.* "Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that

there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis in original).

"Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic,* 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." *Id.* (citing Fed. R. Civ. P. 55(b)(2).) Where all the essential evidence is of record, an evidentiary hearing on damages is not required. *SEC v. Smyth,* 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

## III.    DISCUSSION

### A. Service of Process, Jurisdiction, and Venue

Service of process is deemed effective as Defendant appeared in this case and did not contest service. (Doc. 10.) Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 because this case arises under federal law. *See* 20 U.S.C. § 1415(i)(3)(A). (Doc. 1 ¶ 18.) Venue in this Court is proper under 28 U.S.C. § 1391(b) because the Defendant is located within Orange County, which is within the jurisdiction of this judicial district, and all of the events or omissions that are the subject of the Complaint occurred in Orange County. (*Id.* ¶ 19.)

### B. Plaintiff's Claim

"The IDEA extends federal financial assistance to states that agree to provide an education to children with disabilities consistent with the standards and requirements set out in the statute." *R.L. v. Miami-Dade Cty. Sch. Bd.*, 757 F.3d 1173, 1177 (11th Cir. 2014) (citing 20 U.S.C. § 1412(a)). Procedurally, the IDEA allows parents (or the child, upon turning 18) to file a complaint with the appropriate state administrative agency and receive a due process hearing before an ALJ to resolve disagreements between parents and the school regarding the child's education. *Id.* at 1177–78 (citing § 1412(f)(1)(A)). "If either party disagrees with the administrative agency's decision, they can appeal by filing suit either in state court or in United States District Court." *Id.* at 1178 (citing § 1415(i)(2)(A)).

The Eleventh Circuit has articulated the follow standard of review of an ALJ's Order in an IDEA case:

> On appeal, the District Court reviews the evidence presented to the ALJ and may hear additional evidence if needed. *Id.* § 1415(i)(2)(C)(i)-(ii). After reviewing all the evidence, the District Court may grant relief without a trial by issuing what we have called a "judgment on the record." *Loren F. v. Atlanta Indep. Sch. Sys.,* 349 F.3d 1309, 1313 (11th Cir. 2003). **A District Court may issue a judgment on the record based "on the preponderance of the evidence,"** 20 U.S.C. § 1415(i)(2)(C)(iii), even when facts are in dispute. *Loren F.,* 349 F.3d at 1313. When weighing the evidence, the District Court gives "due weight" to the ALJ decision, and "must be careful not to substitute its judgment for that of the state educational authorities." *Walker Cnty. Sch. Dist. v. Bennett,* 203 F.3d 1293, 1297 (11th Cir. 2000). But the ALJ is not entitled to blind deference. **The District Court is free to accept the**

> **ALJ's conclusions that are supported by the record and reject those that are not.** *Loren F.,* 349 F.3d at 1314. At the same time, when the District Court rejects the ALJ's conclusions, it is "obliged to explain why." *Id.* at 1314 n. 5 (quotation mark omitted).

*Id.* (emphases added).

As previously stated, Plaintiff's Complaint seeks reversal of the Order because he asserts that the ALJ "overreached her authority in holding that Plaintiff was incapacitated and thus refusing his [power of attorney]." Thus, the question for the Court is whether the record in this case supports that conclusion.

Under the IDEA, parents are given the authority to enforce their child's rights, but that authority transfers to the child when he or she turns 18 "except for a child with a disability who has been determined to be incompetent under State law." 20 U.S.C. § 1415(m)(1)(B). To that end, Florida law provides:

> **(8) Transfer of Parental Rights at the Age of Majority.**
>
> (a) When a student with a disability reaches the age of eighteen (18), (except for a student with a disability who has been determined incompetent under State law or who has had a guardian advocate appointed to make educational decisions as provided by Section 393.12, F.S.), the right to notice under this rule is retained as a shared right of the parent and the student.
>
> (b) All other rights afforded to parents under Rules 6A-6.03011 through 6A-6.0361, F.A.C., transfer to the student.

Rule 6A-6.03311(8)(a), (b) (2014), Fla. Admin. Code, Procedural Safeguards for Students with Disabilities.

Plaintiff insists that, because he had reached the age of majority and had not either been determined incompetent or had a guardian advocate appointed when his aunt filed his Due Process Complaint, he had the authority to execute the power of attorney allowing his aunt to file the claim on his behalf. (Doc. 33 at 12.) In the ALJ's Order, she found that, based on the evidence submitted in the Due Process Complaint and Plaintiff's response to the Motion to Dismiss, Plaintiff did not "have the capacity to sign legal documents." (Doc. 1-1 at 3.) She went on to find that "given the lack of capacity, the Power of Attorney purportedly signed by the Student cannot be given legal weight in th[ese] proceedings." (*Id.*) Rejecting the power of attorney and finding that Plaintiff did not otherwise have a guardian advocate appointed, she found that Plaintiff's aunt lacked standing to file the Due Process Complaint. (*Id.*)

Thus, Plaintiff's main contention is that the ALJ did not accept the power of attorney. In rejecting the power of attorney, the ALJ cited the

> multitude of evaluations all of which demonstrate that the Student functions at or below 1 percent of the population, is on an Access Points curriculum and generally incapable of understanding the significance of signing a legal document; and an order from the Circuit Court appointing a guardian advocate to represent the Student in the ongoing guardianship proceeding.

(*Id.* at 2.) In the decretal of the Order, the ALJ noted that the dismissal was without prejudice to either the student filing it on his own behalf or the aunt or other appropriate person re-filing the complaint should they be appointed his guardian. (*Id.* at 4.)

Plaintiff focuses on fact that he had attained the age of majority, had not been adjudicated incompetent, and had no guardian appointed—and therefore retained the legal right to appoint a power of attorney. (Doc. 33 at 8–17.) The ALJ did not dispute that Plaintiff had, in fact, turned 18, had not been adjudicated incompetent, and had no guardian. The ALJ simply rejected the power of attorney appointing the aunt as power of attorney.

Plaintiff argues that the ALJ improperly rejected the power of attorney because she did not comply with Florida Statute § 709.2120, which governs rejection of a power of attorney. But a review of that statute allows a person to reject a power of attorney if the person "believes in good faith that the power is not valid." Fla. Stat. § 709.2120(4)(e) (2020). The ALJ here articulated a good faith basis for rejecting the power of attorney based on the evidence in the record. [4] Additionally, while not addressed by the ALJ, Plaintiff alleged in the Complaint that he does not speak or read the English language fluently, and the power of attorney is entirely in English, with no evidence it was translated or explained to him in his native language before signing. In sum, the ALJ properly dismissed the case, finding that the aunt was the improper

---

[4] Plaintiff also argues the ALJ improperly deemed Plaintiff incapacitated, but the undersigned does not reach that conclusion. The Order of Dismissal does not find Plaintiff "incapacitated" as contemplated under Chapter 744, Florida Statues. Rather, the ALJ found that, given the evidence in the record, Plaintiff could not have understood the legal significance of signing the power of attorney and therefore, gave the power of attorney no legal effect.

party to bring the Due Process Complaint under IDEA and that the ALJ had a good faith basis for rejecting Plaintiff's power of attorney.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Entry of Default Judgment and Other Relief against Defendant School Board of Orange County (Doc. 33) is **DENIED**.

2. The ALJ's Order is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and against Plaintiff.

3. The pending motion for summary judgment (Doc. 25) is **DENIED AS MOOT.**

4. The Clerk of Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** in Orlando, Florida on August 13, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record